John M. Wolf, Appellant, v. M. A. Mattox, Administrator, Appellee.

(Not to be reported in full.)

Appeal from the Circuit Court of Moultrie county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed April 16, 1915. Rehearing denied May 26, 1915.

### Statement of the Case.

Action by John M. Wolf against M. A. Mattox, administrator of the estate of George W. Dishman, deceased, upon a claim based upon two promissory notes purporting to have been executed by deceased in his lifetime. From a judgment for defendant disallowing the claim, plaintiff appeals.

The administrator and each of the heirs filed objections to the claim on the ground that the notes were not the notes of the deceased, and two of the heirs filed affidavits stating that the signatures to said notes were not the signatures of the deceased. The notes purported to be signed by George W. Dishman by his mark, and were witnessed by one Charles Lucas. Dishman died January 16, 1913, and letters of administration were issued January 18, 1913. The claim was not filed until November 3, 1913.

Lucas testified that he was present when the notes were signed by Dishman with his marks, and that he, Lucas, signed his own name on the notes as a witness to the marks. Lucas himself could not read and all he could write was his signature. There is, a total absence of evidence of any consideration for these notes except that Lucas testified that they were given as renewals of two prior existing notes.

Rosa Beck, one of the heirs and witness for appellee, over objection of appellant, was permitted to testify that she was familiar with her father's business, and

that he trusted his debts, receipts and all such papers to her until about a year before his death; that she was familiar with his business in general and had talked with him about the amount of his debts and property; that she was in the office of his attorney with her father in November prior to his death, and at that time learned what his debts were and what he owed; that the first time she saw these notes was within two or three months before the trial and that she never heard of them before that time; that she never knew of his borrowing an amount of money that was anywhere equal to the aggregate sum of these notes.

Charles Dishman, an heir and witness for appellee, was permitted, over objection, to testify that he knew his father's business and never heard of these notes until about three months before the trial. He was then asked this question: "Did your father borrow any money of Mr. Wolf?" And answered: "Not that I know of."

The administrator testified, over objection, that he had been attorney for Dishman for three or four years before his death and never learned of the existence of the notes until shortly before they were filed as a claim in the County Court.

WHITAKER, WARD & PUGH, for appellant.

E. J. MILLER and J. K. MARTIN, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 420*—*what evidence inadmissible in action on note.* Evidence by heirs and by the attorney and administrator of the estate of deceased, the administrator being defendant in action to recover the amount of two notes alleged to have been

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

signed by the deceased in his lifetime, that they had not heard of the notes until a short time before the trial is incompetent and prejudicial.

2. Bills and notes, § 462*—*when instructions erroneous in action on note.* Instructions in an action upon a promissory note against the administrator of an estate, in which there was an issue as to the existence of the notes as those of the deceased, which apparently made a distinction between evidence and circumstances and told the jury to particularly consider the circumstances, are erroneous, especially where there was much erroneous proof of circumstances and there was no evidence in the record that the notes were not in existence during the lifetime of the deceased.

3. Instructions, § 82*—*when erroneous for singling out witness.* An instruction is erroneous which singles out a particular witness by name, who is not a party to a suit, and applies the law of impeachment to him alone, as such instructions should be general and apply to all witnesses.

4. Instructions, § 81*—*when erroneous for singling out facts.* An instruction which points out and calls the attention of the jury to particular facts in the case is erroneous.

5. Evidence, § 221*—*when self-serving declarations inadmissible.* Self-serving declarations made by a party to an action on a promissory note are inadmissible in his behalf.